UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID WEBSTER,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>JEFF UTTECHT,<br><br>　　　　　　Respondent. | NO.　CV-07-5024-EFS<br><br>**ORDER DENYING PETITIONER'S THIRD AMENDED PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY** |

Before the Court is Petitioner David Webster's Third Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("the Petition"). (Ct. Rec. 39.) Mr. Webster challenges his 2003 state court convictions for solicitation and assault on the grounds that (1) his due process rights were violated by the state charging him with both rape and assault, (2) the admission of the evidence obtained from the undercover officer's body wire was unconstitutional, (3) the undercover recording in the jail violated *Miranda*,[1] (4) the undercover officer committed perjury, (5) the undercover officer violated Mr. Webster's Sixth Amendment right to counsel, and (6) joinder of the solicitation offense with the other counts violated Mr. Webster's due process rights.  Respondent Jeff

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

ORDER -- 1

Uttecht opposes the Petition. (Ct. Rec. 56.) After reviewing the submitted material and relevant authority, the Court is fully informed and denies the Petition for the reasons set forth below.

**A.   Procedural Background**

On A jury acquitted Mr. Webster of rape but convicted him of second degree assault and solicitation to commit first degree murder. (Ct. Rec. 58 Ex. 1.) Mr. Webster, both through counsel and *pro se*, filed a direct appeal. *Id.* at Exs. 3 & 4. The Washington Court of Appeals affirmed the judgment and sentence. *Id.* at Ex. 2. Mr. Webster's petition for discretionary review was the denied by the Washington Supreme Court. *Id.* at Exs. 6, 7, & 8. On February 7, 2006, the Washington Court of Appeals issued its mandate. *Id.* at Ex. 9. Mr. Webster's motion for reconsideration was not acted upon by the Washington Supreme Court because a denial of a petition for review is not subject to reconsideration. *Id.* at Exs. 10 & 11.

Mr. Webster then filed a Personal Restraint Petition (PRP) on February 16, 2008, in the Washington Court of Appeals. *Id.* at Ex. 12. The Washington Court of Appeals denied relief on each of the grounds raised by Mr. Webster. *Id.* at Ex. 14. The Washington Supreme Court denied review of Mr. Webster's motion for discretionary review. *Id.* at Exs. 15, 16, & 18. Mr. Webster then moved to modify this denial of review; this motion was also denied. *Id.* at Exs. 20 & 21. The Washington Court of Appeals issued a certificate of finality on January 3, 2007. *Id.* at Ex. 22.

Mr. Webster proceeded to file a second PRP in May 2007. *Id.* at Ex. 23. The Washington Court of Appeals dismissed this second petition as

ORDER -- 2

barred under RCW 10.73.140. *Id.* at Ex. 24. Mr. Webster filed a Motion for Discretionary Review with the Washington Supreme Court; the Washington Supreme Court Commissioner denied review. *Id.* at Exs. 25-27. Mr. Webster's motion to modify the Washington Supreme Court Commissioner denial was also denied. *Id.* at Exs. 29, 30, & 31. The Washington Court of Appeals issued a certificate of finality on October 29, 2007.

Mr. Webster filed his habeas petition on May 3, 2007.

**B. Standard**

A person in custody pursuant to a state court judgment can request a federal court to determine if his custody is in violation of the United States Constitution pursuant to 28 U.S.C. § 2254. One requirement, however, is that the petitioner must exhaust his remedies available in state court.[2] *Id.* § 2254(b)(1); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (requiring state court to have opportunity to address and correct alleged violations of the prisoner's federal rights). Further, to be successful, the petitioner must show that the state court decision (1) was contrary to, or involved an unreasonable application of clearly established federal law or (2) resulted in a decision that was

---

[2] Washington state provides two avenues of relief for state prisoners: direct appeal and collateral review through a personal restraint petition. The Court finds that the exhaustion requirement, which serves the law of comity, is satisfied when an issue is presented to both the court of appeals and the state supreme court during either the direct appeal or the personal restraint petition. *See Washington v. McFarland*, 127 Wn.2d 322, 335 (1995).

ORDER -- 3

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  18 U.S.C. § 2254(d). The state court ruling is presumed correct and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  *Id.* § 2254(e)(1); *McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994).

**C.  Analysis**

The Court finds Mr. Webster failed to present his first (joinder of rape and assault charges violated due process) and sixth (joinder of solicitation charge with other charges violated due process) claims as federal claims to the Washington Court of Appeals and the Washington Supreme Court during either his direct appeal or the first PRP.  Because Mr. Webster did not present these claims to both state court levels, he failed to provide the state court with an opportunity to correct federal law violations.  Accordingly, the Court finds Mr. Webster failed to properly exhaust claims one and six.  Because these claims are now procedurally barred under RCW 10.73.090, Mr. Webster is not entitled to habeas corpus relief on these claims.

The Court finds Mr. Webster presented the remainder of his claims to both the Washington Court of Appeals and the Washington Supreme Court during his first PRP.  Accordingly, the Court addresses the merits of claims two through five mindful that this is a habeas corpus proceeding and not direct review of Mr. Webster's criminal convictions.  As the Supreme Court has reminded, different principles apply on collateral review:

> Direct review is the principal avenue for challenging a conviction.  'When the process of direct review . . . comes to

ORDER -- 4

> an end, a presumption of finality and legality attaches to the conviction and sentence. The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials.'

*Swan v. Peterson*, 6 F.3d 1373, 1378 (9th Cir. 1993) (quoting *Brecht v. Abrhamson*, 507 U.S. 519 (1993)). As stated above, this Court may reverse a state court decision only if that decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). Because the Washington Court of Appeals' decision on Mr. Webster's first PRP was the last decision to address the merits of the issues raised by Mr. Webster's second through fifth claims, the Court reviews this decision with the above standard in mind. For the reasons given below, the Court finds Mr. Webster failed to rebut the presumed correctness of the Washington Court of Appeals' decision.

In his second, third, and fifth claims, Mr. Webster challenges the admission of the evidence obtained from the undercover officer, and the body wire, on the grounds that such evidence was obtained in violation of *Miranda* and the Sixth Amendment right to counsel. However, "[a]n undercover law enforcement officer posing as a fellow inmate need not give *Miranda* warnings to an incarcerated suspect before asking questions that may elicit an incriminating response." *Illinois v. Perkins*, 496 U.S. 292, 299 (1990). In addition, because Mr. Webster's Sixth Amendment right to counsel attached only to the charged offense - rape -, he did not have a Sixth Amendment right to counsel relating to the then

ORDER -- 5

uncharged offenses of solicitation and assault. *See Texas v. Cobb*, 532 U.S. 162, 172-73 (2001). Plus, the Washington Court of Appeals noted that any error in admitting the assault-related statements was harmless because Mr. Webster testified at trial that he bit the woman. (Ct. Rec. 58 Ex. 14 pp. 8-10.) Accordingly, with respect to claims 2, 3, and 5, the Court finds Mr. Webster failed to show that the Washington Court of Appeals' decision was contrary to, or an unreasonable application of, federal law.

In his fourth claim, Mr. Webster argues the prosecutor failed to correct the undercover officer's perjury. Federal law requires a conviction to be set aside if a prosecutor knowingly uses perjured testimony and there is a reasonable likelihood that this false evidence could have affected the jury verdict. *United States v. Bagley*, 473 U.S. 667, 678-80 (1985). Here, the Washington Court of Appeals denied relief because the prosecutor's statement regarding inconsistent statements was ambiguous and, in fact, a reasonable interpretation led to the conclusion that the prosecutor was referring to the fact that Mr. Webster's - not the officer's - testimony was inconsistent with his recorded statements. Moreover, the Washington Court of Appeals noted that the tape was not played for the jury. Mr. Webster failed to establish that the state court decision on this point was contrary to, or involved an unreasonable application of, clearly established federal law.

///

///

ORDER -- 6

**D.   Conclusion**

Accordingly, **IT IS HEREBY ORDERED:**

1.   Mr. Webster's Third Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody **(Ct. Rec. 39)** is **DENIED**.

2.   Judgment shall be entered in Respondent's favor.

3.   This file shall be **CLOSED.**

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order and forward a copy to Petitioner and counsel.

**DATED** this ___1st___ day of August 2008.

S/ Edward F. Shea
EDWARD F. SHEA
UNITED STATES DISTRICT JUDGE

Q:\Civil\2007\5024.2254.habeas.wpd

ORDER -- 7